Case No. 10 CV 9193 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAISHA JACKSON,

Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
and GOOD SHEPHERD SERVICES,

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE
CITY DEFENDANT'S MOTION TO DISMISS THE
COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

*Attorney for New York City Defendants*
*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel:  Kimberly Conway*
*Tel:  (212) 788-0865*
*NYCLIS No. 2009024215*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT…………………………………….……………….....……..1

STATEMENT OF FACTS……………………………………………………………………..1

POINT I………………………………………………………………………………...…....2

                        PLAINTIFF FAILS TO STATE A FEDERAL
                        CLAIM UPON WHICH RELIEF CAN BE
                        GRANTED

POINT II ....................................................................................................................... 9

                        PLAINTIFF'S CLAIMS AGAINST CITY
                        DEFENDANT MUST BE DISMISSED BECAUSE
                        PLAINTIFF CANNOT SHOW A CITY POLICY,
                        PRACTICE OR CUSTOM CAUSED THE
                        ALLEGED CONSTITUTIONAL DEPRIVATION

CONCLUSION........................................................................................................... 13

## PRELIMINARY STATEMENT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and § 1981 alleging that the New York City Department of Education (hereinafter referred to as "City Defendant") and Good Shepherd Services, violated her rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, and discriminated and retaliated against her on the basis of her race.  See Complaint ¶¶ 1, 69-88.  Plaintiff further asserts state law claims against only Defendant Good Shepherd Services.  See id.

City Defendant now moves to dismiss the claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "FRCP") on the grounds that: (1) Plaintiff has failed to state a federal claim against City Defendant; and (2) Plaintiff cannot show that a City policy, practice or custom caused the alleged constitutional deprivation.

## STATEMENT OF FACTS[1]

Plaintiff claims that Defendant Good Shepherd Services is an agency that provides school-based services in schools operated by City Defendant.  See id. at ¶ 11.  Plaintiff further claims that Good Shepherd employees are supervised by teachers and principals employed by City Defendant.  See id.  In or about the summer of 2005, Plaintiff was hired by Good Shepherd Services as a part-time intern, and was subsequently promoted to a full-time Student Internship Coordinator in or about October 2006.  See id. at ¶ 15.  On or about August 2007, Plaintiff began working at the Bronx Community High School as a Student Internship Coordinator for Good Shepherd Services.  See id.

---

[1] The facts from the Complaint are taken as true for the purposes of this motion to dismiss only.

In or about September 2008, Plaintiff's department moved to a different building located at 1980 Lafayette Ave, Bronx N.Y., where several other schools operated by City Defendant were located.  See id. at ¶ 24.  At some point thereafter, Plaintiff informed her direct supervisor, Nilda Pastrana, of her concerns about "the violent students and unruly school atmosphere."  Id. at ¶ 25.  Plaintiff alleges that in or about 2009, two students displayed aggressive and disrespectful behavior towards her during separate incidents.  See id. at ¶¶ 25-27. Plaintiff claims that she submitted incident reports to her supervisor concerning these incidents, however, no actions were taken to address the behavior of the students.  See id.  On May 8, 2009, a student who allegedly had a history of violent behavior assaulted Plaintiff.  See id. at ¶ 38. School security officers subsequently removed the student from the area.  See id. at ¶ 40. Between May 8, 2009 through May 11, 2009, Plaintiff, other staff members, and security officers submitted incident reports concerning what they observed during the May 8th incident.  See id. at ¶ 44.  On May 11, 2009, Ms. Pastrana and the Assistant Executive Director of Good Shepherd Services advised Plaintiff that, based upon those reports, they believed that Plaintiff "did not handle the situation correctly."  Id. at ¶ 46.  On or about May 20, 2009, Good Shepherd Services terminated Plaintiff's employment.  See id. at ¶¶ 64-66.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO STATE A FEDERAL CLAIM UPON WHICH RELIEF CAN BE GRANTED

Under FRCP 12(b)(6), the Court may dismiss a civil rights complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."  Hughes v. Rowe, 449 U.S. 5, 10, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980).  A plaintiff's complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.</u>, 631 F.3d 57, 63 (2d Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. While a complaint need not contain "detailed factual allegations," it requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Id.</u> (internal quotation marks omitted); accord <u>DiFolco v. MSNBC Cable L.L.C.</u>, 622 F.3d 104, 111 (2d Cir. 2010). For the reasons set forth below, Plaintiff's claims must be dismissed because, accepting the allegations contained in the Complaint as true and drawing all reasonable inferences in Plaintiff's favor, she has failed to allege sufficient facts to state a federal claim upon which relief may be granted.

### Fifth Amendment Due Process

"The Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials." <u>Mitchell v. Home</u>, 377 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2005). "Any due process rights [a] plaintiff enjoys as against state government officials . . . arise[s] solely from the Fourteenth Amendment due process clause." <u>Id.</u> Because neither Defendant is a federal entity, any due process claim Plaintiff has Defendants is properly brought under the Due Process Clause of the Fourteenth Amendment, not under the Fifth Amendment. <u>See</u> <u>Ambrose v. City of New York</u>, 623 F. Supp. 2d 454, 466-467 (S.D.N.Y. 2009). Thus, Plaintiff fails to state a Fifth Amendment claim and it should be dismissed.

### Fourteenth Amendment Due Process

Plaintiff claims that City Defendant violated her Due Process rights by subjecting her to an unreasonable risk of harm by: (1) forcing her to supervise students who City

Defendants knew had a violent history; and (2) failing to discipline those students "when they misbehaved and acted aggressively" toward Plaintiff.  See Complaint ¶¶ 69-72.  Plaintiff further alleges that City Defendant has deprived her of a property and/or liberty interest in her ability to work and earn a living in her chosen profession on a permanent basis, because of the likelihood of City Defendant's disclosure of the ground for Plaintiff's termination to potential employers. See id. at ¶ 80.

Substantive Due Process

"For a substantive due process claim to survive a Rule 12(b)(6) dismissal motion, it must allege government conduct that is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8 (1998)).  "The protections of substantive due process are available only against egregious conduct which goes beyond merely offending some fastidious squeamishness or private sentimentalism and can fairly be viewed as so brutal and offensive to human dignity as to shock the conscience."  Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 173 (2d Cir. 2002).

Assuming the truth of Plaintiff's factual allegations, they do not rise to that level. Indeed, courts in this Circuit have found no substantive due process violation in cases where far more egregious acts allegedly occurred in a school setting.  See Smith at 173 (finding no constitutional violation where a teacher slapped a child in the face at full-force with an open hand, allegedly causing the child both great physical pain and severe emotional pain for which he underwent psychotherapy); Perrin v. Canandaigua City Sch. Dist., 2008 U.S. Dist. LEXIS 95280, 8-10 (W.D.N.Y. Nov. 21, 2008) (finding that a gym teacher's alleged assault of a child by pulling the child's arms behind his back, forcing him through the door to a locker room, and

punching him in the chest did not amount to a constitutional violation).   Clearly, Plaintiff's allegation that she was forced to supervise students with a violent history and was generally "assaulted" by one student during one incident does not amount to the level of conscious-shocking actions required to state a substantive due process claim.   Accordingly, this claim should be dismissed.

> ### Procedural Due Process

"A government actor may not deprive individuals of interests encompassed by the Fourteenth Amendment's protection of liberty and property without due process of law."   Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).   "Where someone's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential."   Piccoli v. Yonkers Bd. of Educ., No. 08-CV-8344, 2009 U.S. Dist. LEXIS 116153, *6 (S.D.N.Y. Dec. 11, 2009) (citing Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)).   In order to adequately allege a liberty interest claim based on damage to her reputation (otherwise known as a "stigma-plus claim"), "[a] Plaintiff must allege that the information was stigmatizing, false, and publicized by the state actor."   Id.   "Where the alleged stigmatizing statements are made in connection with termination from  government employment, in order to satisfy the 'stigma' aspect of a stigma-plus claim, a plaintiff must allege the following elements: (1) the government made stigmatizing statements about [plaintiff] – statements that call into question [the] plaintiff's good name, reputation, honor, or integrity; (2) the stigmatizing statements were publicly made; and (3) the stigmatizing statements were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal from government employment."   Id. (citing Segal v. City of New York, 459 F.3d 207, 212 (2d Cir. 2006)). Plaintiff

is also required to raise the falsity of the statements as an issue.  Id. at *7-8 (citing Segal at 212, n. 5).

Moreover, "defamation alone does not raise a due process claim," because "injury to reputation alone, even when inflicted by [a] state official, does not deprive [an] individual of [a] liberty interest."  Id. at *6-7 (quoting White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1062 (2d Cir. 1993))  Thus, "the alleged damage to reputation must be coupled with the loss of some tangible interest."  Id. (citing Segal, 459 F.3d at 212); see also O'Neill v. City of Auburn, 23 F.3d 685, 691 n.2 (2d Cir. 1994) ("simple damage to reputation does not give rise to a liberty interest claim; rather, the damage must be accompanied by some significant deprivation, such as dismissal from government employment").

Here, Plaintiff has failed to allege a procedural due process claim against City Defendant for two reasons.  First, to the extent Plaintiff had a property interest in her employment with Good Shepherd Services, Plaintiff has not alleged that City Defendant caused the loss of that interest or any other tangible property interest.  To the contrary, Plaintiff alleges that she was hired, employed, and terminated by Good Shepherd Services— not City Defendant, see Complaint at ¶¶ 15, 64, and Plaintiff does not claim that City Defendant was involved in the decision to terminate her employment.  Second, Plaintiff has not alleged that Defendant made any statements which damaged her reputation.  Instead, Plaintiff claims only that there is a "likelihood of [City Defendant] disclosing the ground for her termination."  See Complaint at ¶ 80.  Thus, Plaintiff does not allege that she has been stigmatized.  Courts in this Circuit have held that a plaintiff does not sufficiently allege the first element of a "stigma-plus claim," where the plaintiff's allegations concerning the alleged stigma are merely conclusory.  See Piccoli, 2009 U.S. Dist. LEXIS 116153 at *12-13; Srinivas v. Picard, 2009 U.S. Dist. LEXIS 78464, at *26 (D.

Conn. Aug. 26, 2009) (finding that plaintiff's conclusory allegation that her reputation had been damaged and that defendants' action destroyed her career was insufficient because "[n]owhere does she allege facts that could show she has been prevented from pursuing her career because of stigmatizing statements made by any of the defendants"). Because Plaintiff has failed to sufficiently allege either element of her stigma-plus claim, Plaintiff's procedural due process claim should be dismissed as a matter of law.

### Race Discrimination and Retaliation

Plaintiff claims that Defendants discriminated against her on the basis of her African-American race by terminating her employment, which violated her rights under 42 U.S.C. § 1981. See id. at ¶¶ 84-87. Plaintiff also claims that Defendants terminated her employment in retaliation for reporting racial discrimination. See id. at ¶ 68. To make out a prima facie case under 42 U.S.C. § 1981, "[P]laintiff must allege that she: (1) is a member of a protected class; (2) was performing her duties satisfactorily; and (3) was discharged under circumstances giving rise to an inference of discrimination on the basis of her race." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 1973); McLee v. Chrysler Corporation, 109 F.3d 130, 135 (2d Cir. 1997). Plaintiff must also show that the discrimination was intentional. Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004).

Assuming that Plaintiff is a member of a protected class and has alleged that she performed her duties satisfactorily, Plaintiff makes no factual allegations that any employee or officials of City Defendant intentionally discriminated against her on the basis of her race. Instead, Plaintiff generally alleges that, during her employment with Good Shepherd Services, she "often overheard a derogatory comments about African-Americans being made by various members of the staff." Id. at ¶¶ 16-23, 51-52. Plaintiff does not allege that these comments were

made about her, directed to her, or made by a decision-maker who terminated her employment. See id. Such general comments alone are not probative to a racial discrimination inquiry, and therefore, are not sufficient to state a racial discrimination claim that is plausible on its face. Indeed, the Second Circuit has recognized that "all comments pertaining to a protected class are not equally probative of discrimination," and "the more remote and oblique the remarks are in relation to the employer's adverse action, the less they prove that the action was motivated by discrimination. Tomassi v. Insignia Fin. Group, Inc., 478 F.3d 111, 115-16 (2d Cir. 2007). It follows that the derogatory remarks alleged by Plaintiff would not permit this Court to draw the reasonable inference that City Defendant is liable for any racial discrimination against Plaintiff.

Further, as previously noted, Plaintiff was hired, employed, and terminated by Good Shepherd Services, see Complaint at ¶¶ 15, 64, and Plaintiff does not allege that City Defendant had any involvement in Good Shepherd's decision to terminate her employment. See id. at ¶ 64. Thus, Plaintiff cannot demonstrate that she was discharged under circumstances giving rise to an inference of discrimination or retaliation by City Defendant on the basis of her race. Because Plaintiff has failed to set forth any factual assertions concerning City Defendant's alleged discrimination and retaliation against her on the basis of her race, this claim should be dismissed. Indeed, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996); see also Leadsinger, Inc. v. Cole, 2006 U.S. Dist. LEXIS 55638, *9-10 (S.D.N.Y. Aug. 10, 2006) (recognizing that a plaintiff must do more than plead legal conclusions masquerading as factual conclusions).

**POINT II**

**PLAINTIFF'S CLAIMS AGAINST CITY DEFENDANT MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT SHOW A CITY POLICY, PRACTICE OR CUSTOM CAUSED THE ALLEGED CONSTITUTIONAL DEPRIVATION**

A local governing body can be sued directly under § 1983 only where the execution of its policies or customs deprived the plaintiff of his or her constitutional rights. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Purdy v. Town of Greenburgh, 178 F. Supp. 2d 439, 444 (S.D.N.Y. 2002). Thus, to prove municipal liability, plaintiffs are required to demonstrate an official City policy or custom was the "moving force" behind the City defendants' alleged constitutional violations, id., and that there is a causal connection between the policy and the deprivation. See Canton v. Harris, 489 U.S. 378, 385 (1989); McNamee v. City of New York, 2002 U.S. Dist. LEXIS 4684, *20 (S.D.N.Y. 2002). A plaintiff is not required to demonstrate that the municipality had an explicitly stated rule or regulation, rather "a municipal policy may be inferred from the informal acts or omissions of supervisory municipal officials." See Carmody v. Vill. of Rockville Ctr., 661 F. Supp. 2d 299, 330 (E.D.N.Y. 2009). However, "[t]he mere assertion that there exists such a policy or custom, absent specific allegations of fact tending to support such an inference, is insufficient." Batista v. City of New York, No. 05-CV-8444, 2007 U.S. Dist. LEXIS 71905, at *14 (S.D.N.Y. Sept. 24, 2007) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). "Furthermore, there must be proof of such a custom or policy in order to permit recovery on claims" of municipal liability. Purdy, 178 F. Supp. 2d at 444.

Although Plaintiff brings this action against City Defendant— a municipal entity, Plaintiff does not state facts sufficient to show that City Defendant executed policies or customs

which deprived Plaintiff of her constitutional rights.  As an initial matter, Plaintiff does not even allege that City Defendant has a policy or custom that deprived Plaintiff of her procedural due process rights or resulted in race discrimination or retaliation under 42 U.S.C. § 1981.[2]  Thus, these claims must be dismissed against City Defendant.

Plaintiff does generally assert that Defendants had a policy, custom, or practice of deliberately failing to pursue disciplinary actions against students for which Plaintiff had filed incident reports concerning the students' violent behavior.  See id. at ¶ 29.  Plaintiff claims that City Defendant violated her substantive due process rights by subjecting her to an unreasonable risk of harm by: (1) forcing her to supervise students who City Defendants knew had a violent history; and (2) failing to discipline those students "when they misbehaved and acted aggressively" toward Plaintiff.  See Complaint ¶¶ 69-72.  For the reasons set forth above, Plaintiff's claims do not amount a constitutional violation.  See, supra, at pp. 4-5.  Therefore, any custom or practice of City Defendant as alleged by Plaintiff did not violate Plaintiff's substantive due process rights.

Nevertheless, Plaintiff fails to allege that any supervisory officials within City Defendant failed to pursue the disciplinary actions at issue or train employees of City Defendant to pursue such actions.  Instead, Plaintiff explains that, during her employment, she spoke out to her direct supervisor within Good Shepherd Services, Nilda Pastrana— not a supervisory official

---

[2] Where the defendant alleged to have discriminated or retaliated against an employee under Sections 1981 or 1983 is a municipality, a plaintiff must also demonstrate that the claimed violation of his or her constitutional rights occurred as a result of a municipal policy or custom. See John v. New York City Dept. of Educ., No. 04 Civ. 5861, 2006 U.S. Dist. LEXIS 61153, 2006 WL 2482622, at *6 (S.D.N.Y. Aug. 29, 2006) (citation omitted).

within City Defendant— concerning the lack of discipline and the absence of a safety plan.  See id. at ¶¶ 25, 30.

Arguably, Plaintiff claims that she filed incident reports in 2009— presumably with City Defendant— on two occasions concerning individual students' general aggressive and disrespectful behavior towards her.  See id. at ¶¶ 26-28.  Plaintiff further contends that the disciplinary actions she requested in those reports were not taken.  See id.  However, Plaintiff does not allege that City Defendant had notice that either of the students involved in those incidents previously engaged in aggressive or disruptive behavior, or that either of those students generally had a history of violent behavior.  See id.

Furthermore, Plaintiff fails to allege facts sufficient to demonstrate that an official City practice or custom was the "moving force" behind City Defendant's alleged violation of Plaintiff's substantive due process rights, and that there is a causal connection between the custom and the deprivation.  Plaintiff's claims against Defendants in this case stems from her termination from Good Shepherd Services following her physical altercation with a student on May 8, 2009.  However, for two reasons, Plaintiff's complaint does not contain sufficient facts to show that City Defendant should have known— and taken some action to prevent— the physical altercation or assault which took place on May 8, 2009.  First, Plaintiff does not allege that either of the students who she filed incident reports against were associated with the May 8th incident or any other incident after Plaintiff filed the incident reports.  Second, Plaintiff does not allege that she filed an incident report concerning the student involved in the May 8th incident— prior to that incident, despite Plaintiff's claim that she often worked with the same student and that student "continuously misbehaved and acted out in a violent manner."  Id. at ¶¶ 32-33.  Instead, Plaintiff alleges only that the student and her mother had previously "yelled and curse[d]" at

another staff member during a meeting where the staff member confronted the student with accusations that she had forged timesheets. Id. at ¶ 33.  With respect to that incident, Plaintiff alleges that the staff contacted the police, and the police resolved the situation.  See id.  Notably, Plaintiff asserts that the same student was terminated from her internships after the forgery was detected on a second occasion, but Plaintiff does not allege that the student exhibited any violent behavior at that time.  See id. at ¶ 34.

Essentially, Plaintiff claims that City Defendant should have known that the same student would later exhibit violent behavior towards— or assault— Plaintiff, and City Defendant's failure to take any actions to thwart that possibility caused the student to assault Plaintiff.  However the facts as plead by Plaintiff do not allow this Court to draw a reasonable inference that City Defendant is liable for the misconduct as alleged.  "A plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-1965 (2007).  Plaintiff has provided mere conclusions that there is a causal connection between the City Defendant's alleged custom of failing to pursue disciplinary actions against students for which Plaintiff filed incident reports concerning the students' violent behavior and City Defendant's alleged deprivation of Plaintiff's substantive due process rights.  Accordingly, Plaintiff's claims against City Defendant must be dismissed.

## **CONCLUSION**

For the reasons set forth herein, City Defendant respectfully requests that this Court enter an order dismissing the claims against it in its entirety with prejudice and granting City Defendant such other and further relief as this Court deems just and proper.

Dated:      New York, New York
             March 21, 2011

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for City defendants
                                        100 Church Street, Room 2-168
                                        New York, New York 10007
                                        (212) 788-0865

By: _____
                                        Kimberly Conway
                                        Assistant Corporation Counsel