```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
                                           :
NAISHA JACKSON,                            :
                        Plaintiff,         :
                                           :   10 Civ. 9193 (DLC)
          -v-                              :
                                           :   OPINION & ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION and  :
GOOD SHEPHERD SERVICES,                    :
                                           :
                        Defendants.        :
                                           :
------------------------------------------ X
```

Appearances:

For Plaintiff:
Michael John Borrelli
Stephanos Zannikos
Law Offices of Borrelli & Associates
One Old Country Road
Suite 347
Carle Place, NY 11735

Tracy Paulette Hoskinson
Boundas Skarzynski Walsh & Black
1 Battery Park Plaza
New York, NY 10004

For Defendants:
Kimberly Dorothy Conway
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

     Plaintiff Naisha Jackson ("Jackson"), a former employee of

the New York City public schools, has brought this action under

42 U.S.C. § 1983 against the New York City Department of

Education ("Department of Education") and Good Shepherd Services

("Good Shepherd"), a social service agency working in the public schools, alleging that the defendants' deliberate indifference to the racism and aggressive behavior of the staff and students in the school where Jackson worked created an unsafe environment in violation of her Fifth and Fourteenth Amendment Due Process rights.  In addition, Jackson alleges that the defendants discriminated and retaliated against her on the basis of her race.  For the following reasons, the Department of Education's motion to dismiss is granted in part.

DISCUSSION

     The following allegations are taken from the complaint. Good Shepherd contracts with the Department of Education to provide counseling and other social services in the New York City public schools.  Beginning in 2007, Jackson was employed by Good Shepherd as the Student Internship Coordinator at the Bronx Community High School.  On several occasions Jackson, who is half Asian and half African-American, overheard the staff of the school making derogatory and racist remarks about African-Americans.  Jackson reported one of these incidents to Daniel McPartland, a guidance counselor at the school, and another to her supervisor, Nida Pastrana ("Pastrana").

     Then, in September 2008, Jackson's department moved to a new location where several schools were located.  These schools

were noted for their violent and chaotic atmosphere.  Jackson
filed incident reports regarding violent and aggressive behavior
displayed by students.  Jackson contends that the Department of
Education was largely indifferent towards the violent behavior
displayed by the students.

Jackson was assigned to supervise AH, a student with a
history of violent outbursts.  On May 8, 2009, AH became upset
after Jackson asked AH and other students congregating in her
office to leave.  AH began yelling obscenities at Jackson.  AH
then assaulted Jackson; school security officers were called and
removed AH from the area.  Jackson spoke to her supervisors
about the incident and filed an incident report.  In the course
of discussing the incident with Jackson, the principal explained
to Jackson that Jackson was going to hit AH because Jackson "was
a black female."  Pastrana, a Hispanic female, told Jackson that
she sympathized with Jackson's frustration with the students and
that "at times I want to get Latina on the parents."  Jackson
interpreted this remark "as racially-charged in that Pastrana
was suggesting that [Jackson] had been acting like a
stereotypically angry African-American female, and that a person
of another race would not have responded to the situation as
[Jackson] did."

Jackson's supervisors told her that she had not handled the
situation with AH correctly and that they would be bringing

3

corporal punishment charges against her.  Jackson fears that
such an allegation will prevent her from working in the
education field in the future.  Jackson experienced anxiety
because of the confrontation with AH, took sick leave, and
resigned her employment on May 15, 2009.  On May 18, she was
advised that she was being fired; she was informed that the
school would agree to let her resign instead if she changed the
date on her resignation letter to May 19.  Jackson refused, and
on May 20 she was advised that she was fired.

On March 5, 2010, Jackson filed a charge of discrimination
against the defendants with the Equal Employment Opportunity
Commission ("EEOC").  The EEOC issued a right to sue letter on
July 21, 2010.  Jackson filed this action in New York state
court on October 25, 2010 and she served both Good Shepherd and
the Department of Education on November 8.  The Department of
Education filed a notice of removal on December 8.  Jackson's
complaint asserts four causes of action against both defendants
for violations of her substantive due process rights under the
Fifth and Fourteenth Amendments; race discrimination and
retaliation in violation of Section 1981; race discrimination
and retaliation in violation of Title VII of the Civil Rights
Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 et seq.; and
disability discrimination and retaliation in violation of the
Americans with Disabilities Act of 19920, 29 U.S.C. § 12112 et

seq. ("ADA").  In addition, Jackson asserts claims under the New York State and City human rights laws against Good Shepherd.  On March 21, 2011, the Department of Education filed a motion to dismiss the complaint.  The motion was fully submitted on April 22.  Good Shepherd has not filed an answer or a motion to dismiss.

DISCUSSION

The Department of Education primarily contends that Jackson has failed to allege facts sufficient to state a substantive or procedural due process violation, a race discrimination claim, or a retaliation claim.  The Department of Education further argues that Jackson has not identified any Department of Education policy, custom, or practice that caused the alleged constitutional deprivations.

On a motion to dismiss, the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).  The court is "not bound to accept as true legal conclusions couched as factual allegations.  Only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 475-76 (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009)).

I.   State-Created Danger Claim

The Supreme Court's decision in DeShaney v. Winnebago County Dep't. of Soc. Servs., 489 U.S. 189 (1989), established the general principle that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." Id. at 197.   The Second Circuit has distinguished DeShaney's holding from "an allegation that [police] officers in some way had assisted in creating or increasing the danger to the victim." Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir. 1993).   More recently, the Second Circuit found that where police officers "implicitly but affirmatively" encourage violence, such conduct could form a basis of a Due Process claim against the officers.   Okin v. Village of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 430 (2d Cir. 2009).

Jackson has failed to allege anything more than several instances of inaction on the part of the Department of Education.   Although she alleges that she filed several reports of misbehavior by students, and that the Department of Education did not respond to those reports, she has not alleged sufficient facts to give fair notice that this failure to act constituted an implicit but affirmative message condoning violence in the school.   Particularly in a school with students known for their aggressive and violent behavior, as Jackson alleges, every

6

failure to discipline does not constitute implicit encouragement of misbehavior.  Further, the mere fact that Jackson was assigned to supervise a student with a history of violent behavior, and that the student did indeed act aggressively towards Jackson, is not in itself sufficient to state a Due Process claim against the Department of Education.

Jackson's reliance on the Second Circuit's decision in Pena v. DePrisco, 432 F.3d 98 (2d Cir. 2005), is unavailing.  In Pena, a police officer with a history of alcoholism went on a "twelve hour drinking binge" and then resumed his shift, killing three pedestrians as a result of his reckless driving.  Id. at 103.  The Second Circuit reasoned that because the police officer's colleagues were aware of his drinking problems, and more specifically because they were aware that he planned to embark on a drinking binge prior to starting his shift but took no action to stop him, they could be held responsible for creating a danger to the pedestrians to the extent that their "behavior constituted an implicit assurance" that their fellow officer "could drink and drive with impunity."  Id. at 111. Here, unlike in Pena, Jackson has not shown that the school was on notice that AH intended to assault Jackson on that particular occasion.  Accordingly, the school's failure to discipline AH cannot be construed as creating a danger to Jackson sufficient to state a Due Process claim.

II.  Stigma-Plus Claim

A "stigma plus" claim is one "brought for injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003).  A plaintiff must allege the following to state a stigma-plus claim:

> (1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden in addition to the stigmatizing statement.  The defamatory statement must be sufficiently public to create or threaten a stigma; hence, a statement made only to the plaintiff, and only in private, ordinarily does not implicate a liberty interest.

Velez v. Levy, 401 F.3d 75, 87 (2d Cir. 2005) (citation omitted).

Jackson fails to give fair notice of a stigma-plus claim because she has not alleged that the Department of Education has actually made any stigmatizing statements about her.  Rather, Jackson merely alleges that it is likely that the Department of Education will disclose the grounds for her termination, not that it has actually done so.  This speculation is insufficient to state a claim for injury to Jackson's reputation under the Due Process Clause.

III.  Race Discrimination

Claims of employment discrimination brought pursuant to
Title VII are analyzed under the familiar burden-shifting
approach set forth in McDonnell-Douglas Corp. v. Green, 411 U.S.
792, 802-03 (1973).  Claims for race discrimination brought
pursuant to § 1981 are also analyzed under the McDonnell-Douglas
framework.  Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d
Cir. 2010).  Under this framework, a plaintiff bears the initial
burden of establishing a prima facie case of discrimination, and
must demonstrate (1) membership in a protected class; (2)
qualifications for the position; (3) an adverse employment
action, and (4) circumstances surrounding that action giving
rise to an inference of discrimination.  Id. at 491-92.

The Supreme Court has made clear, however, that McDonnell-
Douglas sets forth "an evidentiary standard, not a pleading
requirement," and that an "employment discrimination plaintiff
need not plead a prima facie case of discrimination."
Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 510, 515 (2002).
Rather, as long as the complaint gives the defendant "fair
notice" of the plaintiff's  claim and "the grounds upon which it
rests," and "indicate[s] the possibility of discrimination and
thus present[s] a plausible claim for disparate treatment," the
complaint satisfies the strictures of Federal Rule of Civil

Procedure 8(a).  <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 214-16 (2d Cir. 2008).

Jackson has pleaded facts sufficient to allege a plausible claim of race discrimination.  Jackson has identified two allegedly discriminatory remarks made by her supervisors during the discussion of Jackson's confrontation with AH.  It was during these discussions that the school first indicated that it disapproved of Jackson's handling of the situation and would pursue corporal punishment charges against her; Jackson was fired approximately two weeks after these discussions took place.  Jackson alleges that the remark by the principal indicated that he assumed that Jackson acted with inappropriate physical aggression toward AH because Jackson was African-American.  These facts are sufficient to create an inference that Jackson was fired because her supervisors assumed she behaved inappropriately due to her race.

The Department of Education's argument that Jackson has only identified general comments that were not directed at her is unavailing.  Although Jackson does identify more general comments that were made prior to her move to another facility in September 2008, she has also identified two remarks by her supervisors in the immediate aftermath of her confrontation with AH.  Thus, Jackson has alleged facts sufficient to give the

Department of Education fair notice of her discrimination claims
under Title VII and § 1981.


IV.  Retaliation

     Retaliation claims brought pursuant to Title VII and § 1981
are reviewed under a burden-shifting analysis similar to the
McDonnell-Douglas test for disparate treatment.  Fincher v.
Depository Trust and Clearing Corp., 604 F.3d 712, 720 (2d Cir.
2010).  The plaintiff must establish a prima facie case of
retaliation by showing:  (1) participation in a protected
activity; (2) defendant's knowledge of the protected activity;
(3) an adverse employment action; and (4) a causal connection
between the protected activity and the adverse employment
action.  Kessler v. Westchester County Dep't of Soc. Servs., 461
F.3d 199, 205-06 (2d Cir. 2006).  But again, for purposes of
satisfying the pleading requirement a plaintiff need not
establish a prima facie case of retaliation.  Swierkiewicz, 534
U.S. at 511.

     The only protected activity identified in the complaint are
the two occasions on which Jackson reported to a guidance
counselor that school staff had made racist remarks about
African-American students.  These incidents both occurred nine
months or more before Jackson was fired, that is, before her
department moved to new quarters in September 2008.  Citing with

approval the finding that a three month gap was insufficient to establish causality, the Supreme Court has opined that alleged retaliation must take place "very close" to the protected activity to show causality.  Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (citation omitted) (reinstating summary judgment).  Here, a nine-month interval and a change in the place of employment separate the protected activity from the retaliation, and nothing in Jackson's pleadings otherwise suggests a plausible causal connection between events occurring so far apart.

Nor can Jackson rely on any complaints she made after September 2008 about the violent, chaotic atmosphere in her new workplace.  To constitute protected activity, the speech must protect against discrimination.  See Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000) ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination.")  Accordingly, Jackson fails to state a claim for retaliation against the Department of Education.

CONCLUSION

The Department of Education's March 21, 2011 motion to dismiss is granted in part.[1]  Jackson's claims against the Department of Education for violations of her substantive due process rights under the Fifth and Fourteenth Amendments and for retaliation are dismissed.  The Department of Education's motion to dismiss is denied with respect to Jackson's Title VII claim.  The Department of Education has not moved with respect to Jackson's claim under the ADA; therefore this claim survives as well.


     SO ORDERED:

Dated:    New York, New York
          July 7, 2011

                              _____
                              DENISE COTE
                      United States District Judge

_____

[1] Jackson requests permission to amend her complaint in the event that the Court finds that she fails to state a claim, but does not describe what additional facts she would add to cure deficiencies in her pleading.  Moreover, Jackson was given notice of the Department of Education's motion to dismiss at a February 25, 2011 initial pretrial conference and an opportunity to amend; at that time she indicated that she would not amend her complaint.  Accordingly, since Jackson declined a prior opportunity to amend, and has failed to explain how she would amend now, her request to amend her complaint is denied.

13